IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Syed Asad Aijaz Rizvi** )<br>      Plaintiff, )<br> )<br>V. )<br> )<br>**RJ Engineering Systems, Inc. d/b/a** )<br>**RJ Industrial Systems, Inc., and** )<br>**Rakesh Kumar Jain** )<br>      Defendants. )<br> ) | | Civil Action<br>File No.<br><br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Syed Asad Aijaz Rizvi, and complains of Defendants RJ Engineering Systems, Inc. d/b/a RJ Industrial Systems, Inc. and Rakesh Kumar Jain ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.	Mr. Syed Asad Aijaz Rizvi ("Plaintiff" or "Mr. Rizvi) brings this action against the Defendants to recover a) overtime wages as allowed by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); b) annual bonuses pursuant to the parties' written employment contracts; and c) costs of obtaining Plaintiff's Lawful Permanent Resident Card (i.e., Green Card).

2.	Mr. Rizvi seeks equitable relief, compensatory and liquidated damages, attorneys' fees, litigation costs, and pre-judgment and post-judgment interest for Defendants' willful failure to pay Plaintiff's overtime wages, regular wages, bonuses, and costs of obtaining a Green Card.

## II.
## JURISDICTION AND VENUE

3.	Mr. Rizvi in part brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute.

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331. The Court also has supplemental jurisdiction over all pendant state claims pursuant to 28 U.S.C. §1367.

5. The Court has personal jurisdiction because each Defendant is a resident of Texas, and because each Defendant routinely conducts business in the Southern District of Texas sufficient to constitute minimum contacts with Texas and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. Plaintiff, **Syed Asad Aijaz Rizvi**, is a resident of Harris County, Texas.

8. Defendant, **RJ Engineering Systems, Inc. d/b/a RJ Industrial Systems, Inc.** ("RJES"), is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Rakesh Kumar Jain, at 13805 West Road, Suite 350, Houston, Texas 77041. This Defendant was Mr. Rizvi's employer, and was / is engaged in interstate commerce or in the production of goods for interstate commerce.

9. Defendant, **Rakesh Kumar Jain** ("Jain"), is an individual who may be served with summons and complaint at his place of business located at 13805 West Road, Suite 350, Houston, Texas 77041, or at any other address where he may be found. Pursuant to the FLSA, this Defendant owns and operates a business establishment, RJ Engineering Systems, Inc. d/b/a RJ Industrial Systems, Inc., that is engaged in interstate commerce or in the production of goods for interstate commerce. As an 'employer', Mr. Jain is personally and individually liable to Plaintiff for his unpaid overtime wages.

10. Whenever this complaint alleges that RJES committed any act or omission, it is meant that such Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and at the time such act or omission was committed, it was done

with the full authorization, ratification or approval of Defendant RJES or was done in the routine/ normal course and scope of employment of Defendant's officers, directors, vice-principals, managers, agents, servants, and / or employees.

11. At all material times, Defendants have been an 'enterprise' within the meaning of 29 U.S.C. § 203(r). Defendant Jain owns and operates Defendant RJES.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

12. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

13. During the relevant period, Defendants individually and collectively have been Plaintiff's 'employer' under 29 U.S.C. § 203(d).

14. In addition to each Defendant being an employer under the FLSA, Defendants collectively were Plaintiff's joint employer because they together acted, directly or indirectly, in the interest of the employer with respect to Plaintiff.

15. At all material times, Plaintiff was each Defendant's employee. 29 U.S.C. §203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

16. Defendants were subject to the requirements of the FLSA because both enterprise and individual coverage existed during the relevant period.

17. Individual coverage under the FLSA exists because at all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce. *See,* 29 U.S.C. § 207.

18. In dispensing his duties for the Defendants, Plaintiff was engaged in interstate commerce. *See,* 29 U.S.C. § 207(a)(2)(C).

19. Specifically, Plaintiff regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, internet, air travel to destinations outside Texas, etc.), and regularly handled materials that have been moved across state lines (i.e., office supplies, office equipment, computers, etc.).

20. Alternatively, enterprise coverage under the FLSA exists because (1) Defendants had and have employees (including the Plaintiff) engaged in interstate commerce or in the production of goods for interstate commerce, and have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) during the relevant 3-year period, the annual gross volume of sales made or business done is not less than $500,000. *See,* 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

21. Defendants, as an enterprise, integrated employer and / or joint employer, meet the requirements of 29 U.S.C. § 203(s)(1)(A).

22. In the course of owning and operating their business, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, internet, banks, air travel to destinations outside Texas, etc.), and regularly handle materials that have been moved across state lines (i.e., office supplies, office equipment, computers, etc.).

23. Defendants are "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

24. Defendants are an enterprise under 29 U.S.C. § 203(r)(1). Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose.

25. Defendants are a joint employer for purposes of this collective action. *See* 29 C.F.R. § 791.2(b). In particular, the Defendants are not completely disassociated with respect to Plaintiff's employment, and are thus deemed to share control of the employee, directly or indirectly, by reason of the fact that Defendants' business is under common control. 29 C.F.R. § 791.2(b)(3).

## VI.
## FACTS

26. Headquartered in Houston, Texas, RJES is a manufacturer of custom engineered equipment and process packages for the energy sector, with core areas of interest in air compression, nitrogen generation, gas compression, and gas processing and treatment.

27. The Defendants hired Mr. Rizvi in Houston, Texas, as Manager of Operations and Global Strategy in November, 2014. Mr. Rizvi's employment ended on March 29, 2019.

*The unpaid gratuity*

28. During several years of his employment, Mr. Rizvi was required to work in the United Arab Emirates ("UAE") for the Defendants. As a condition of working in the UAE, its government requires the employer and employee to enter into a written employment contract.

29. On July 27, 2009, the parties (Plaintiff and Defendants) executed an employment contract that covered a term of three (3) years.[1]

30. On June 19, 2012, the parties executed a second employment contract for an additional three (3) years.[2]

31. On May 12, 2015, the parties executed a third employment contract for an additional two (2) years.[3] The parties ended this contract on March 16, 2017.

---

[1] Attached as **Exhibit – A** is a copy of the July 27, 2009, employment contract.
[2] Attached as **Exhibit – B** is a copy of the June 19, 2012, employment contract.
[3] Attached as **Exhibit – C** is a copy of the May 12, 2015, employment contract.

32. Each of the three employment contracts require Defendants to pay Mr. Rizvi a "gratuity" at the end of the contract term.[4]

33. Specifically, in each employment contract the parties agreed that "[o]n termination of contract the employer will pay the employee a gratuity at the rate of 21 days for each year of service for the first five years, and 30 days if more than five years." *Id.*

34. $39,015.00 in gratuity remains unpaid, for which Mr. Rizvi now sues.

*Defendants transfer Mr. Rizvi back to Houston*

35. On June 5, 2014, Defendant Jain submitted correspondence to Mr. Rizvi agreeing to pay him an annual salary of $90,000.00 upon his relocation from the UAE to Houston.[5] Notably, this amount was less than what Defendants paid Mr. Rizvi in the UAE.

36. In November 2014, Mr. Rizvi moved back to Houston from the UAE, and he continued his employment for the Defendants in Houston.

37. On December 14, 2017, in connection with Mr. Rizvi's Green Card application, Defendants certified to the United States Citizenship and Immigration Services ("USCIS") that as a condition of his continued employment for Defendants as Manager of Operations & Global Strategy, Mr. Rizvi would continue to be compensated at an annual salary of $90,000.00.[6]

*The unauthorized / illegal monthly salary deductions*

38. During 2016, Mr. Rizvi continued to work for the Defendants, and his annual compensation remained at $90,000.00.

39. However, for the months of January, February, March and April 2016, Defendants illegally deducted $1,875.00 each month from Mr. Rizvi's salary. In May 2016, Mr. Jain reduced Mr. Rizvi's salary by 25% in violation of the parties' agreement. The 25% salary reduction was

---

[4] *See respectively,* Paragraph 11 of **Exhibit – A**, **Exhibit – B** and **Exhibit – C**.
[5] Attached as **Exhibit – D** is a copy of the June 5, 2014, correspondence entitled "Relocation to Houston".
[6] Attached as **Exhibit – E** is a copy of Defendants' certification to the USCIS dated December 14, 2017.

also impermissible because Mr. Jain made it retroactively, beginning from January 2016 instead of May 2016, after Mr. Rizvi had already earned his salary for January 2016 through April 2016 at the agreed upon annual rate of $90,000.00.  Mr. Rizvi did not agree with or approve the 25% reduction, nor was the reduction contractually binding upon Mr. Rizvi as it lacked consideration.

40. Going forward, despite Mr. Rizvi's disapproval of the reduction, Mr. Jain informed Mr. Rizvi that he would receive a lower annual salary of $67,500.00, or $5,625.00 a month beginning May 1, 2016.

41. Mr. Rizvi, however, received neither $7,500.00 nor $5,625.00 per month as his gross salary.  Instead, Defendants made an additional impermissible monthly deduction of $937.50 for the months of May 2016 through December 2016, paying Mr. Rizvi only $4,687.50 a month during this period.

42. On December 14, 2017, in connection with Mr. Rizvi's Green Card application, Defendants certified to the USCIS that as a condition of his continued employment for Defendants as Manager of Operations & Global Strategy, Mr. Rizvi would continue to be compensated at an annual salary of $90,000.00.[7]

43. From January 2017 until August 2018, Mr. Rizvi received $5,625.00 per month instead of the required $7,500.00 per month, resulting in an impermissible and illegal salary deduction of $1,875.00 each month; and, from September 2018 until March 2019, Mr. Rizvi received $7,000.00 per month instead of the required $7,500.00 per month, again resulting in an impermissible and illegal salary deduction of $500.00 each month.

44. Mr. Rizvi now sues for all of these illegal / unauthorized deductions from his annual salary of $90,000.00.

---

[7] Attached as **Exhibit – E** is a copy of Defendants' certification to the USCIS dated December 14, 2017.

*The unpaid overtime wages*

45. By making unauthorized and illegal deductions from Mr. Rizvi's fixed monthly salary, Defendants failed to meet the salary basis test under the FLSA.

46. Although Mr. Rizvi worked an average of 70 or more hours a week, or 30 plus hours of overtime, he received no overtime wages for these hours worked.

47. Mr. Rizvi now sues for his unpaid overtime wages as well as an additional equal amount for liquidated damages for the relevant period allowed under the FLSA.

*The unreimbursed Green Card processing and approval fees*

48. In March 2016, Defendants agreed to reimburse Mr. Rizvi for all costs associated with the filing and approval of his Green Card with the USCIS.

49. These costs amounted to $17,943.03, which remain unpaid.

50. Mr. Rizvi now sues for reimbursement of these costs.

## VII.
## CAUSES OF ACTION

Count 1 – Failure to pay overtime wages in violation of the FLSA

51. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

52. Defendants failed to pay Mr. Rizvi on a "salary basis" as required by the FLSA.

53. Plaintiff is non-exempt – that is, Mr. Rizvi is entitled to receive overtime wages under the FLSA for all hours he worked in excess of 40 during each seven-day workweek.

54. During his employment, Mr. Rizvi routinely worked in excess of 40 hours a week.

55. Defendants did not pay Mr. Rizvi his overtime compensation for the weekly hours he worked in excess of 40, for which he now sues pursuant to 29 U.S.C. § 207.

56. Defendants knowingly and willfully failed to pay Plaintiff's overtime wages, and thereby evaded their legal obligations under 29 U.S.C. §201, *et seq*.

57. For the relevant period, Mr. Rizvi seeks back-pay equaling the unpaid overtime wages he earned during his employment with the Defendants.

58. Mr. Rizvi further seeks an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed under 29 U.S.C. §216(b), along with post-judgment interest at the highest rate allowed by law.

59. Defendants do not possess contemporaneous, complete and accurate records of the number of hours Mr. Rizvi worked during each workweek.

Count 2 – Breach of Contract

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. The parties' agreements concerning Mr. Rizvi's employment relationship created enforceable obligations for the payment of wages and other employment benefits owed to Mr. Rizvi.

62. Defendants had a contractual duty to compensate Mr. Rizvi at the agreed upon salary amount in exchange for the services Plaintiff rendered to the benefit of his employer.

63. By making deductions from Mr. Rizvi's monthly salary during 2016, 2017, 2018, and during January through March, 2019, Defendants breached their contractual obligations to Plaintiff. These deductions were not only in violation of the parties' agreement that Mr. Rizvi would receive an annual salary of $90,000.00 upon his relocation from the UAE to Houston, but also in violation of Defendants' certifications to the federal government that for certain periods of his employment, Mr. Rizvi would receive $90,000.00 a year as his salary.

64. Indeed, Defendants paid Mr. Rizvi the promised annual salary of $90,000.00 for a period of time, but failed to do so for the entire duration of his employment to which the $90,000.00 salary applied.

65. As a result of Defendants' breach, Mr. Rizvi has suffered monetary damages and he is entitled to recover all such damages to the maximum extent allowed under the law.

### Count 3 – *Quantum Meruit*

66. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

67. By failing to pay Plaintiff's wages at the proper rate, Defendants have denied the reasonable value of services Mr. Rizvi rendered. As a result, Mr. Rizvi has thus suffered monetary damages to be determined by the jury at trial.

68. Mr. Rizvi now sues for the reasonable value of services he performed for the Defendants for which he remains unpaid.

## VIII.
## ATTORNEYS' FEES AND COSTS

69. Mr. Rizvi seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

70. Mr. Rizvi seeks attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001. More than thirty (30) days have elapsed since Mr. Rizvi tendered his claim for payment to the Defendants, which claim remains unpaid.

## IX.
## JURY DEMAND

71. Plaintiff demands a jury trial on all issues that may be tried to a jury.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF Syed Asad Aijaz Rizvi, respectfully requests that upon hearing and trial, the Honorable Court will award Plaintiff a final judgment against Defendants RJ Engineering Systems, Inc. d/b/a RJ Industrial Systems, Inc. and Rakesh Kumar Jain, jointly and severally, as follows:

a.  Declare that during the relevant period, Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff's overtime wages at one and one half times his base hourly rate for all hours he worked in excess of 40 during each workweek of his employment with the Defendants;

b.  Order Defendants to pay Plaintiff's unpaid overtime wages under 29 U.S.C. § 207;

c.  Declare that Defendants' violations of the FLSA are willful, allowing Plaintiff to recover liquidated damages under 29 U.S.C. §216(b);

d.  Order Defendants to pay liquidated damages in an amount equal to the amount of his unpaid overtime wages;

e.  Declare that Defendants breached the agreement of the parties and Order payment of all damages resulting from Defendants' breach;

f.  Order Defendants to pay under *quantum meruit* the reasonable value of services Plaintiff performed for the Defendants;

g.  Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001;

h.  Order Defendants to pay pre-judgment interest at the highest lawful rate for all assessed amounts other than overtime wages;

i.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed as overtime wages, liquidated damages and attorney's fees and costs under 29 U.S.C. § 216(b); and,

j.  Order all further relief, whether legal, equitable or injunctive, necessary to effectuate full relief to Plaintiff.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff,
Syed Asad Aijaz Rizvi**